IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02003-BNB

MARLENE NORMAN,

    Plaintiff,

v.

[NO DEFENDANT NAMED],

    Defendant.

---

### ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

---

Marlene Norman, who is detained in the Jefferson County Detention Facility, initiated this action on July 26, 2013 by submitting a Letter to the Court. It is unclear whether Plaintiff is asserting a pre-trial challenge to his/her custody in Jefferson County jail, or whether he/she is challenging the conditions of confinement at the jail.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." **See Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973). "Petitions under § 2241 are used to attack the execution of a sentence, see **Bradshaw v. Story**, 86 F.3d 164, 166 (10th Cir.1996), including the lawfulness of pre-trial custody. **See Yellowbear v. Wyoming Atty. General**, 525 F.3d 921, 924 (10th Cir. 2008) (citing **Wack v. Edmondson**, 472 F.3d 1227, 1235 (10th Cir.2007)). By contrast, 28 U.S.C. § 2254 habeas and § 2255 proceedings are used to collaterally attack the validity of a conviction and sentence." **See McIntosh v. United States Parole Comm'n**, 115 F.3d 809, 811 (10th Cir. 1997).

It is well established in the Tenth Circuit that § 2241 is an improper vehicle for a prisoner to challenge the conditions of his confinement.  ***See McIntosh v. United States Parole Comm'n***, 115 F.3d 809, 811-12 (10th Cir. 1997).  Generally, a state prisoner's challenge to his conditions of confinement is cognizable under 42 U.S.C. § 1983.  ***Id.***

As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the court has determined that the submitted document is deficient as described in this order.  Plaintiff will be directed to cure the following if he/she wishes to pursue his claims.  Any papers that the Plaintiff files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:

(1) _X_ is not submitted
(2) ___ is missing affidavit
(3) _X_ is missing <u>certified</u> copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing (<u>necessary if filing a habeas corpus application</u>)
(4) _X_ is missing certificate showing current balance in prison account (<u>necessary if filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983</u>)
(5) ___ is missing required financial information
(6) ___ is missing an original signature by the prisoner

(7) ___ is not on proper form (must use the court's current form):
(8) ___ names in caption do not match names in caption of complaint, petition or habeas application
(9) _X_ other: <u>If Plaintiff files a habeas corpus application, she may pay the $5.00 filing fee, instead of submitting a § 1915 Motion and Affidavit; if Plaintiff files a civil rights Prisoner Complaint under § 1983, she may pay the $350.00 filing fee plus a $50.00 administrative fee, in lieu of filing a § 1915 Motion and Affidavit.  Plaintiff must pay the appropriate filing fee or submit a § 1915 Motion and Affidavit on the court-approved form</u>.

**Complaint, Petition or Application**:

(10)   X   is not submitted
(11)   __   is not on proper form (must use the court's current form)
(12)   __   is missing an original signature by the prisoner
(13)   __   is missing page nos. __
(14)   __   uses et al. instead of listing all parties in caption
(15)   __   names in caption do not match names in text
(16)   __   addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17)   __   other:

Accordingly, it is

    ORDERED that the Plaintiff cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers which the Plaintiff files in response to this order must include the civil action number on this order. It is

    FURTHER ORDERED that Plaintiff, with the assistance of his/her case manager or the facility's legal assistant, shall obtain the Court-approved forms for filing:

    (1) an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action; or

    (2) a Prisoner Complaint form and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915,

    along with the applicable instructions, at www.cod.uscourts.gov. It is

    FURTHER ORDERED that, if the Plaintiff fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, this action will be dismissed without further notice. The dismissal shall be without prejudice.

    DATED: July 29, 2013, at Denver, Colorado.

              BY THE COURT:

              s/ Boyd N. Boland
              United States Magistrate Judge