IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02003-BNB

MARLENE NORMAN,

    Plaintiff,

v.

[NO DEFENDANT NAMED],

    Defendant.

ORDER OF DISMISSAL

    Plaintiff, Marlene Norman, who is detained in the Jefferson County Detention Facility, initiated this action on July 26, 2013, by submitting a Letter to the Court. It is unclear whether Plaintiff is asserting a pre-trial challenge to his/her custody in Jefferson County jail or is challenging the conditions of confinement at the jail.

    In a July 29, 2013 Order, Magistrate Judge Boyd N. Boland reviewed the submitted document and determined that it is deficient. Magistrate Judge Boland advised Plaintiff that "[p]etitions under § 2241 are used to attack the execution of a sentence, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996), including the lawfulness of pre-trial custody. *See Yellowbear v. Wyoming Atty. General*, 525 F.3d 921, 924 (10th Cir. 2008) (citing *Wack v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir.2007)). By contrast, 28 U.S.C. § 2254 habeas and § 2255 proceedings are used to collaterally attack the validity of a conviction and sentence. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Generally, a state

prisoner's challenge to his conditions of confinement is cognizable under 42 U.S.C. § 1983, and may not be raised in a § 2241 application. *McIntosh*, 115 F.3d at 811-12. Magistrate Judge Boland therefore ordered Plaintiff to file his/her claims on the court-approved form for filing either a Prisoner Complaint challenging conditions of confinement, or an Application for a Writ of Habeas Corpus Pursuant to § 2241 or § 2254.

Magistrate Judge Boland also instructed Plaintiff in the July 29 Order that if he/she files a habeas corpus application, he/she must pay the $5.00 filing fee or submit a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action on the court-approved form. Alternatively, Plaintiff was advised that if he/she files a civil rights Prisoner Complaint under § 1983, he/she must pay the $350.00 filing fee plus a $50.00 administrative fee, or file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C § 1915 on the court-approved form. The July 29 Order warned Plaintiff that failure to cure the designated deficiencies by the court-ordered deadline would result in dismissal of the action without further notice.

Plaintiff has now failed to file any documents in compliance with the July 29 Order. Indeed, Plaintiff has not communicated with the Court since he/she initiated this action on July 26, 2013. Accordingly, it is

ORDERED that this action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff, Marlene Williams', failure to comply with the July 29, Order Directing Plaintiff to Cure Deficiencies and for failure to prosecute.

DATED at Denver, Colorado, this  6th  day of    September   , 2013.

BY THE COURT:


　　　　　　　　　　　　　　　　s/Lewis T. Babcock
　　　　　　　　　　　　　　　　LEWIS T. BABCOCK, Senior Judge
　　　　　　　　　　　　　　　　United States District Court